**Elona MIRASHAJ, Petitioner,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Respondent.**

Nos. 06–2142–ag (L), 06–2882–ag (con).

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

**42**

Rahul D. Manchanda, Justin D. Parsons, New York, New York, for Petitioners.

Steven W. Myhre, Acting United States Attorney, District of Nevada, Robert L. Ellman, Appellate Chief, Brian J. Quarles, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioners Elona Mirashaj and Elton Mirashaj, natives and citizens of Albania, seek review of two orders of the BIA—dated April 6, 2006 and May 22, 2006, respectively—affirming the October 15, 2004 decision of Immigration Judge ("IJ") Noel A. Brennan, denying petitioners' applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Elona Mirashaj*, No. A97 966 012 (B.I.A. Apr. 6, 2006), *In re Elton Mirashaj*, No. A79 305 541 (B.I.A. May 22, 2006), *aff'g* Nos. A97 966 012/79 305 541 (Immig.Ct.N.Y.City, Oct. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Iouri v. Ashcroft,*

487 F.3d 76, 81 (2d Cir.2007) (quoting section 1252(b)(4)(B)).

Petitioners Elona and Elton are sister and brother. While their claims are similar in some respects, they are not identical. As such, we will analyze them separately.

## I. ELONA

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005).

As a preliminary matter, because Elona did not challenge the IJ's denial of her withholding of removal claim in her appeal to the BIA, we are without jurisdiction to consider any challenge to the denial of such relief. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006) (citing section 1252(d)(1)). In her brief to this Court, Elona does not raise the due process challenge that she raised before the BIA. We therefore deem it to be abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Regarding asylum, we find that substantial evidence supports the IJ's findings that Elona failed to demonstrate that she faced past persecution, or had a well-founded fear of persecution, "on account of" a protected ground. 8 U.S.C. § 1101(a)(42); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing a "nexus" finding for substantial evidence). Elona failed to provide sufficient "direct or circumstantial evidence" demonstrating that her aggressors were motivated to act by their perception of her family background or political opinion. *Yueqing Zhang,* 426 F.3d at 545. While it is possible that a reasonable fact-finder could have deduced from the available circumstantial evidence that they had targeted her based on their perception of her family back-

ground or political opinion, the evidence does not compel such a conclusion. *See id.; Gjolaj*, 468 F.3d at 142–43.

To be sure, there is record evidence that human trafficking is a serious problem in Albania and that police are sometimes complicit. That does not, however, require an IJ finding that Elona has demonstrated a well-founded fear of future persecution "on account of" a protected ground. Substantial evidence supports the IJ's finding because no reasonable adjudicator would be compelled to draw a contrary conclusion. The IJ's denial of asylum was therefore not improper.

■ Substantial evidence supports the IJ's denial of CAT relief where, although some of the country conditions documents that Elona provided indicate that some trafficking victims in Albania have been tortured, she has "in no way established that someone in [her] particular alleged circumstances is *more likely than not* to be tortured." *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003) (emphasis in original). The country reports also indicate that there are laws against trafficking in Albania and that law enforcement officials are making progress in arresting and prosecuting human traffickers and those who assist them. Thus, as the IJ found, Elona has not shown "that government officials [will] know of or remain willfully blind to an act [of torture] and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir.2004). The IJ's denial of CAT relief was therefore not improper.

## II. ELTON

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate con-

clusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). When the BIA supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Cf. Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

With respect to the issues and claims presented in Elton's case, asylum is the only one that is properly before us. Because he failed to pursue his withholding of removal and CAT claims before either the BIA or this Court, we deem those claims abandoned. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7. Moreover, because Elton failed to raise his due process challenge to the IJ's decision in his appeal to the BIA, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider that issue. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007); *id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver."); *see also Theodoropoulos v. INS*, 358 F.3d 162, 172–73 (2d Cir.2004).

Regarding Elton's asylum claim, his brief to this Court challenges only the agency's finding that he did not experience past persecution. Because he fails to sufficiently challenge the agency's findings with respect to his alleged well-founded fear of persecution, and because addressing such an argument does not appear to be necessary to avoid manifest injustice, we deem any such argument abandoned. *Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7; *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.*, 308 F.3d 169, 176 n. 8 (2d Cir.2002). Such a result is supported by the fact that the question of a well-founded fear of persecution constitutes a ground, in and of itself, on which the agency's denial of asylum may be based. *Cf. Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir. 2007).

## III.  CONCLUSION

For the foregoing reasons, the petitions for review are DENIED.  Having completed our review, the pending motion for a stay of removal in these petitions is DISMISSED as moot.